UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| MICHAEL HUNT, | ) |
| Plaintiff, | ) Case No. 4:23-cv-013 |
| v. | ) Judge Travis R. McDonough |
| BCCX, ARAMART FOOD SERVICES, TDOC, and SHAWN PHILLIPS, | ) Magistrate Judge Susan K. Lee |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a prisoner housed in the Bledsoe County Correctional Complex ("BCCX"), filed a pro se complaint for violation of 42 U.S.C. § 1983 (Doc. 1) and a motion for leave to proceed *in forma pauperis* (Doc. 2). On April 18, 2023, the Court entered an order that, among other things, (1) notified Plaintiff that he had not submitted the proper documents to proceed *in forma pauperis* or paid the filing fee, as required for this case to proceed; (2) directed the Clerk to send Plaintiff the relevant *in forma pauperis* form; (3) provided Plaintiff thirty days to return the required document; and (4) warned Plaintiff that failure to timely comply would result in the Court presuming he is not a pauper, assessing him with the full amount of fees, and ordering the case dismissed for want of prosecution. (Doc. 5, at 1–2.) Plaintiff has not complied with this order or otherwise communicated with the Court, and his time for doing so has passed. Accordingly, for the reasons set forth below, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Rule 41(b) gives this Court the authority to sua sponte dismiss a case when a "plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Rogers v. City of Warren*, 302 Fed. Appx. 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)" (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)). The Court examines four factors when considering dismissal under this Rule:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds that Plaintiff's failure to timely comply with its previous order is due to his willfulness or fault. Notably, on May 17, 2023, the United States Postal Service ("USPS") returned the mail to Plaintiff containing the Court's previous order as undeliverable because his name did not match the Tennessee Department of Correction ("TDOC") number on the envelope. (Doc. 8, at 1.) Accordingly, on that same day, the Clerk resent the order to Plaintiff with the correct TDOC number. (*See* docket entry for Doc. 8.) More than forty-five days have passed since the Clerk resent this order to Plaintiff, but Plaintiff has not responded to the order or otherwise communicated with the Court, and the USPS has not returned that mail to the Court. Thus, it appears that Plaintiff received the mail containing the copy of the Court's previous order that the Clerk resent him on May 17, 2023, and chose not to comply. As to the second factor, Plaintiff's failure to comply with the Court's previous order has not prejudiced Defendants. As to the third factor, as noted above, the Court notified Plaintiff that

failure to timely comply with its previous order would result in dismissal of this action. (Doc. 5, at 2.) Finally, as to the fourth factor, the Court finds that alternative sanctions are not warranted, as Plaintiff sought leave to proceed *in forma pauperis* in this action but has failed to comply with the Court's clear instructions, and it does not appear that he intends to proceed with this case. On balance, the Court finds that these factors support dismissal of this action under Rule 41(b).

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from filing an amended complaint in accordance with the Court's previous order, and his pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, Plaintiff will be **ASSESSED** the filing fee of $402 and this action will be **DISMISSED**. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $402 has been paid to the Clerk's Office.

*McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

To ensure compliance with the fee collection procedure, the Clerk will be **DIRECTED** to provide a copy of this memorandum opinion and the accompanying order to the custodian of inmate accounts at the BCCX and the Court's financial deputy. This order shall be placed in Plaintiff's institutional file and follow him if he is transferred to another correctional facility. The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

/s/*Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**